UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE MURPHY                              CIVIL ACTION

VERSUS                                       NO: 10-4492

MICHAEL FAULK, ET AL.                        SECTION: "A" (2)

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 10)** filed by plaintiff Lawrence Murphy; **Motion to Dismiss Party (Rec. Doc. 15)** and **Motion to Alter/Amend Judgment (Rec. Doc. 19)** filed by defendant United States Maritime Services, Inc.  All motions are opposed.  The motions, set for hearing on March 2, 2011, are before the Court on the briefs without oral argument.  For the reasons that follow the motion to remand is GRANTED and the remaining motions are DENIED as moot.

### I.   BACKGROUND

Plaintiff Lawrence Murphy, a Louisiana citizen, initiated this suit in state court against Michael Faulk, Barry J. Thibodeaux, and United States Maritime Services, Inc. ("USMS"). Murphy alleges that in 1991 he founded USMS and eventually employed Michael Faulk to serve as the president of the company. (Pet. ¶ 2).  USMS operated as a full-scale maritime service that was capable of performing a variety of tasks from ship, barge, and shore-side tank cleaning to de-gassing and de-ballasting.

1

(Pet. ¶ 3). According to Murphy, in 1993 USMS was awarded a very lucrative contact and was just beginning to realize its potential when Murphy suffered a debilitating stroke that rendered him mentally incompetent for several years. (Id. ¶¶ 4, 5). Murphy alleges that Faulk and Barry Thibodeaux, USMS's accountant, began taking advantage of Murphy's mental impairment to take the business away from him. (Id. ¶ 6).

Murphy claims that Faulk and Thibodeaux deprived him of his rights as the founder of USMS and that he has never been justly compensated for his loss. (Pet. ¶ 8). Plaintiff contends that he never validly transferred his ownership interest in USMS to Defendants and that Defendants have realized considerable wealth as a result of their fraudulent takeover of USMS. (Id. ¶¶ 9, 11).

Murphy, Thibodeaux, and USMS are all citizens of Louisiana. Nonetheless, USMS--a non-diverse defendant--invoked jurisdiction in federal court by removing the case, asserting that the Court has diversity jurisdiction over this matter because Murphy improperly joined USMS and Thibodeaux for the sole purpose of defeating jurisdiction in federal court. Plaintiff now moves to remand the case to state court.

## II. DISCUSSION

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts,

or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003) (citing <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 698 (5th Cir. 1999)). The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. <u>Ross v. Citifinancial, Inc.</u>, 344 F.3d 458, 462 (5th Cir. 2003) (citing <u>Travis</u>, 326 F.3d at 648). However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings. <u>See</u> <u>id.</u> at 462-63. Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence. <u>Id.</u> at 463 (citing <u>Travis</u>, 326 F.3d at 648-49).

USMS's contention with respect to the claims against Thibodeaux is that he was never an accountant for USMS nor a principal of any other kind with respect to the corporation. Therefore, according to USMS, the sole factual allegation pertaining to Thibodeaux is factually incorrect and the petition states no possible claim for relief against Thibodeaux.

The Court finds no merit to the improper joinder contentions regarding Thibodeaux. Under Louisiana law, the concept of fault is extremely broad. "Every act *whatever* of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315(A) (emphasis added). The

petition clearly alleges fault against Thibodeaux and Murphy's inability to accurately describe Murphy's job title, if any, or precise role is of no moment.  The petition does not support the contention that Murphy has no cause of action against Thibodeaux. Murphy and Thibodeaux are both citizens of Louisiana and this fact alone suffices to deprive the Court of jurisdiction. Consequently, this case must be remanded to state court.

    Accordingly;

    **IT IS ORDERED** that the **Motion to Remand (Rec. Doc.** [11]**)** filed by plaintiff Lawrence Murphy should be and is hereby **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction;

    **IT IS FURTHER ORDERED** that the **Motion to Dismiss Party (Rec. Doc. 15)** and the **Motion to Alter/Amend Judgment (Rec. Doc. 19)** filed by defendant United States Maritime Services, Inc. are **DENIED** as moot.

    March 2, 2011

                             *[signature]*
                      JAY C. ZAINEY
          UNITED STATES DISTRICT JUDGE